### ALFRED LAGRONE ET AL. *v.* J. M. TRICE.

1. OBSTRUCTION TO WATERCOURSE. *Proceeding to remove. Appeal.*
   No appeal lies to the Circuit Court from a justice of the peace, proceeding under Code 1871, § 1935, to remove a levee, which causes overflow and injury to crops.

2. SAME. *Costs of proceeding. Appeal to Circuit Court.*
   But the justice cannot give judgment for costs in such a case against the defendant, and, if he does, an appeal lies, under Code 1871, § 1332, to the Circuit Court.

3. SAME. *Circuit Court. Jurisdiction. Judgment for costs.*
   The fact that the appellants in such case seek to try anew the question of the levee does not deprive them of the right to have judgment in their favor for the costs.

ERROR to the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

This proceeding under the thirty-fourth chapter of the Code of 1871, "In relation to Obstructions to Watercourses, Mills, and Dams," was begun before a justice of the peace, in accordance with Code 1871, § 1935, by a written complaint

filed by the defendant in error. After the plaintiffs in error were summoned, householders were chosen, as provided by the statute, who examined and reported that the embankment should be cut. The justice issued his precept commanding the plaintiffs in error to remove the obstruction and gave judgment against them for the costs of the proceeding. They appealed to the Circuit Court, where, on motion, their appeal was dismissed and a *procedendo* awarded.

*Houston & Reynolds*, for the plaintiffs in error.

Appeal to the Circuit Court from the judgment of a justice of the peace is allowed by Code 1871, § 1332. Sect. 1935 directs that the three persons shall report in writing to the justice, who makes his confirmation thereof and issues his precept. This is a judgment. Freeman on Judgments, § 19. The judgment was also for costs, and from that the appeal clearly lies. If the appeal was void, the judgment for costs in the Circuit Court was *coram non judice*. *Mayor* v. *Cooper*, 6 Wall. 247. The judgment in neither court for costs is, however, surplusage; for it will be followed by an execution, levy, and sale, which makes it any thing but surplusage so far as the plaintiffs in error are concerned.

*Murphy, Sykes & Bristow*, for the defendant in error.

No such judgment is directed by Code 1871, § 1935, as that an appeal, under § 1332, can be taken therefrom. Appeals are not matter of constitutional right, but are given by statute, which must be strictly followed. *Porter* v. *Grisham*, 3 How. 75; *Hardaway* v. *Biles*, 1 S. & M. 657. The statute under consideration not only gives no appeal, but its intent is plainly to exclude the right. The judgment for costs is mere surplusage. No such order could be made in this proceeding. It is not merely void for want of jurisdiction, but is surplusage and not to be considered. The defendants were no more injured by this judgment for costs, than they would have been had the justice, without complaint, notice, or trial, fined them on general principles. Freeman on Judgments, § 19, cited by opposing counsel, has no application to this case. The judgment for costs in the Circuit Court was right. While that court could not try the case, it had power to charge the appellants with the expense incurred in their attempted appeal.

CAMPBELL, J., delivered the opinion of the court.

The Circuit Court rightly refused to try *de novo* the matter involved in the proceeding before the justice of the peace, because the statute authorizing this proceeding does not provide for or contemplate an appeal; but an appeal did lie from the judgment rendered by the justice for the costs of the proceeding, by virtue of § 1332 of the Code, and the Circuit Court should have sustained the appeal so far as to give judgment in favor of the appellants for the costs.

The justice had no right to tax the costs, because no statute gives costs in such case. He did render judgment for costs. This is a judgment from which an appeal might be taken, and the fact that the appellants sought to avail of their appeal to try anew the matter of the report of the householders, to which they were not entitled, did not deprive them of the right to have an adjudication of the matter embraced in the judgment of the justice of the peace, *i.e.*, the costs.

The judgment of the Circuit Court dismissing the appeal is reversed, and the court proceeding to render the judgment which should have been rendered by the Circuit Court vacates the judgment of the justice of the peace for costs, and dismisses so much of the appeal as relates to the report of the householders and the precept of the justice of the peace upon such report, the costs of the Circuit Court and of this court to be taxed on the defendant in error.

*Judgment accordingly.*